IN THE SUPERIOR COURT OF BALDWIN COUNTY
STATE OF GEORGIA

| | |
|---|---|
| YVONNE GRANT, | : |
| Plaintiff, | : |
| vs. | : Civil Action No. 14CV46952 |
| WAL-MART STORES EAST, LP, | : |
| Defendant. | : |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Yvonne Grant, Plaintiff in the above-captioned matter, by and through her attorney, files her Complaint for damages against Defendant, respectfully showing as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Yvonne Grant ("Plaintiff") resides in Sparta, Hancock County, Georgia, and voluntarily avails herself of the jurisdiction and venue of this Honorable Court.

2.

Defendant Wal-Mart Stores East, LP. ("Defendant") is a foreign corporation organized and existing by virtue of the laws of the State of Delaware, engaged in the business of owning and operating retail stores, and is authorized to transact and do business in the State of Georgia. Defendant transacts business in Milledgeville, Baldwin County, Georgia and has a Registered Agent in Duluth, Gwinnett County, Georgia. Defendant may be served through its registered agent for service of process, Corporation Process Company, 2180 Satellite Boulevard, Suite 400, Duluth, Georgia, 30097.

FILED IN OFFICE THIS
____ DAY OF ____, 20__
DEPUTY CLERK OF SUPERIOR COURT
BALDWIN COUNTY, GEORGIA

3.

Pursuant to O.C.G.A.§ 14-2-510(b)(4), because the event causing Plaintiff's injury occurred in Baldwin County, jurisdiction and venue are proper as to this Defendant in this Honorable Court.

## FACTUAL BACKGROUND

4.

Plaintiff hereby incorporates paragraphs one (1) through three (3) by reference as if fully and completely set forth herein verbatim.

5.

Defendant has a location and transacts business at 2592 N. Columbia Street, Milledgeville, Baldwin County, Georgia 31061, under the name Wal-Mart.

6.

On or about July 11, 2013, Plaintiff was shopping at the Wal-Mart store located at 2592 N. Columbia Street in Milledgeville, Georgia.

7.

As Plaintiff was shopping in the refrigerated meat department, suddenly and unexpectedly, she slipped in a puddle of clear liquid. Plaintiff believes the clear liquid to be water.

8.

After stepping in the water, her foot slid out of from underneath her, jerking and twisting her body.

9.

As a result of her slip, Plaintiff sustained personal injuries.

10.

The presence of the water on the floor made Defendant's premises unreasonably dangerous.

## CLAIM AGAINST DEFENDANT

11.

Plaintiff hereby incorporates paragraphs one (1) through ten (10) by reference as if fully and completely set forth herein verbatim.

12.

Defendant was negligent for failing to keep its premises safe in violation of O.C.G.A. § 51-3-1, by among other things, by allowing a foreign liquid substance to accumulate on the floor, maintaining the premises in an unsafe manner and failing to remove such dangers and objects from it premises.

13.

Defendant was negligent for failing to warn of the dangerous condition on its premises, in violation of OCGA § 51-3-1.

14.

The negligence of Defendant was the proximate cause of Plaintiff's injuries.

15.

At all times Plaintiff exercised ordinary and reasonable care for her own safety.

16.

As a direct and proximate result of Defendant's negligence, Plaintiff sustained severe injuries that required extensive medical treatment.

17.

As a direct and proximate result of Defendant's negligence, Plaintiff endured physical, mental, and emotional pain and suffering, due to the injuries she sustained when she tripped and fell.

18.

As a direct and proximate result of Defendant's negligence, Plaintiff has, to date, incurred special damages in the form of medical expenses totaling at least $10,157.43 due to the injuries she sustained in the fall.

19.

Plaintiff is entitled to recover from Defendant as special damages compensation for her medical expenses to the extent permitted by law and in an amount to be proven at trial.

20.

Plaintiff is entitled to recover for past, present, and future pain and suffering, both physical and mental. Plaintiff also seeks general damages due to Defendant's negligence.

21.

Defendant's actions in this matter constitute bad faith, stubborn litigiousness, or unreasonable and unnecessary delay so as to entitle Plaintiff to reasonable and necessary attorney fees in an amount to be proven at trial pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff prays for the following relief:

(a) that summons issue and Defendant be served as required by law;

(b) that Plaintiff receive a trial by jury;

(c) that Plaintiff recover special damages for her medical expenses in an amount to be proven at trial and to the extent permitted by law;

(d) that Plaintiff recover general damages for her past, present and future pain and suffering in an amount to be proven at trial;

(e) that Plaintiff have and recover expenses of this litigation, including reasonable and necessary attorney fees in an amount to be proven at trial pursuant to O.C.G.A. § 13-6-11;

(f) that all costs of this proceeding be assessed against Defendant; and

(g) that Plaintiff receive such further relief as this Court deems just and proper.

Respectfully submitted this 14 day of February, 2014.

_____
JAMES E. LEE II
State Bar No. 443405
MICHAEL W. BARBER
State Bar No. 584304
Counsel for Plaintiff

James E. Lee II, P.C.
870 College Street
P.O. Box 6294
Macon, Georgia 31208-6294
(478) 749-6901
(478) 749-6964 (fax)