IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| YVONNE GRANT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WALMART STORES EAST, LP, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. 5:14-CV-119 (MTT) |

**ORDER**

Before the Court is Plaintiff Yvonne Grant's motion to remand. (Doc. 8). The Plaintiff filed suit against Defendant Walmart Stores East, LP in the Superior Court of Baldwin County on February 18, 2014, alleging negligence based on a slip and fall in one of the Defendant's stores. (Doc. 1-2). The Defendant was served on February 25, 2014 and removed the case to this Court on March 26, 2014 pursuant to 28 U.S.C. § 1446(b)(1) and § 1332. (Doc. 1). The Plaintiff now moves to remand the case to the Superior Court of Baldwin County, contending the Defendant has not met its burden to show the jurisdictional amount-in-controversy requirement.

**I. DISCUSSION**

**A.    Legal Standard**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction … to the district court of the United States for the district and division embracing the place where such action is pending." If removal is based on the initial pleading, the defendant must file the notice of removal within 30 days of service of the

initial pleading. 28 U.S.C. § 1446(b)(1). "For removal to be proper, the removing party must establish federal subject matter jurisdiction at the time the notice of removal is filed." *Cross v. Wal-Mart Stores, E., LP*, 2011 WL 976414, at *1 (M.D. Ga.) (citing *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002)). The party seeking removal bears the burden of establishing federal jurisdiction. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citations omitted).

Diversity jurisdiction exists if the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 752 (internal quotation marks and citation omitted). The removing defendant may satisfy this burden by showing it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000, "even when the complaint does not claim a specific amount of damages[,]" or with the use of additional evidence demonstrating removal is proper. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks and citations omitted). Any uncertainties should be resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F3d at 1062.

B.     **Amount in Controversy**

The Plaintiff does not contest that the Parties are citizens of different states, but she argues the amount-in-controversy requirement is not met. The complaint alleges

medical expenses totaling at least $10,157.43, as well as general damages for pain and suffering.  (Doc. 1-2, ¶¶ 18-20).  However, it generically describes the harm suffered as "severe injuries that required extensive medical treatment."  (Doc. 1-2, ¶ 16).  Thus, it is not facially apparent from the complaint that the amount in controversy exceeds $75,000.  The Defendant must therefore prove by a preponderance of the evidence that the Plaintiff's general damages and any special damages other than the medical expenses already alleged will exceed $64,842.57.  To show the amount in controversy exceeds the jurisdictional requirement, the Defendant relies on the Plaintiff's pre-suit settlement offer of $80,000 and her refusal to agree that she will not seek recovery of more than $75,000 in response to the Defendant's request for admissions.

A settlement offer alone is not determinative of the amount in controversy, but "it counts for something."  *Burns*, 31 F.3d at 1097.  How much it counts depends on its content.  A settlement offer that reflects "puffing and posturing" is entitled to little weight.  *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).  On the other hand, "[m]ore weight should be given to a settlement demand if it is an 'honest assessment of damages.'"  *Cross*, 2011 WL 976414, at *2 (citations omitted).  "[S]ettlement offers that provide specific information to support the plaintiff's claim for damages suggest[] the plaintiff is offering a reasonable assessment of the value of [her] claim."  *Farley v. Variety Wholesalers, Inc.*, 2013 WL 1748608, at *2 (M.D. Ga.) (first alteration in original) (internal quotation marks and citation omitted).

The Court finds the Plaintiff's $80,000 settlement offer is not an honest assessment of damages.  The Defendant points to assertions that the Plaintiff has suffered pain in her right hip and knee and has had trouble walking because her leg

would "give out" on her. Additionally, the demand letter states future surgery is likely. Though the Plaintiff is fairly specific about her *past* medical expenses and medical problems, she is less descriptive about any future medical problems and expenses. The settlement offer vaguely states the Plaintiff "continues to have pain," has "never fully recovered," and "is likely to undergo surgery in the future."[1] (Doc. 1-3 at 4). It is not apparent what the exact nature of the Plaintiff's continued physical problems are, nor is it apparent how she has determined future surgery is "likely."[2] Thus, the Court concludes the demand letter is entitled to little weight.[3]

This case is distinguishable from *Farley*, 2013 WL 1748608 and *Peters v. Wal-Mart Stores East, LP*, 2013 WL 4647379 (M.D. Ga.), two cases cited by the Defendant. In *Farley*, the plaintiff was diagnosed with "a possible chronic rotator cuff tear in her left shoulder and a bulging disc and severe spinal canal stenosis in her lumbar spine," an orthopedist recommended she have a complete shoulder replacement, and another physician recommended she be evaluated for surgery on her lower back. *Farley*, 2013 WL 1748608, at *1. Based on the level of detail in the settlement offer, the court determined the $150,000 pre-suit demand was an honest assessment of damages. *Id.* at *2. Similarly, in *Peters*, the plaintiff alleged permanent injuries to her abdominal area, teeth, back, left rotator cuff, and face in her complaint. *Peters*, 2013 WL 4647379, at *2.

---

[1] Though the Defendant repeatedly refers to the Plaintiff's ongoing pain as a "disability," this word appears nowhere in the demand letter or the complaint.

[2] For instance, the letter does not state whether a physician recommended surgery or even describe what type of surgery might be necessary. *See Farley*, 2013 WL 1748608, at *1. This is in stark contrast to the detailed description of past medical treatment.

[3] The Defendant asserts the Plaintiff attached more than 160 pages of medical documents to her demand letter but has not indicated these records contain any more detail of future medical problems and expenses.

The court also found the plaintiff deliberately withheld certain medical expenses incurred and thus appeared to be trying to gain a tactical advantage by shielding her case from removal. *Id.*

Additionally, the Court finds the Plaintiff's denial that she will not seek less than $75,000 in damages is not sufficient to establish the amount in controversy. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) ("There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy Best Buy's burden of proof on the jurisdictional issue."). Finally, based on the Court's experience, it is unlikely the Plaintiff will recover $64,842.57 in general damages. The Defendant has simply not met its burden to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Therefore, this Court lacks subject matter jurisdiction.

### C.   Attorney's Fees and Costs

The Plaintiff also seeks to recover costs and attorney's fees. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Though the award of costs and attorney's fees under this provision is discretionary, "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Thus, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Because settlement offers can properly be considered when determining whether the amount in

controversy is met and the $80,000 offer in this case included some detail about the Plaintiff's medical issues, the Court concludes the Defendant had an objectively reasonable basis for removal.  Thus, the Court declines to award fees and costs.

## II. CONCLUSION

The Plaintiff's motion to remand (Doc. 8) is **GRANTED**.  The case is **REMANDED to the Superior Court of Baldwin County**.

**SO ORDERED,** this 27th day of June, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT